People v Provost (2020 NY Slip Op 01674)





People v Provost


2020 NY Slip Op 01674


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

110324

[*1]The People of the State of New York, Respondent,
v
Tyler E. Provost, Appellant.

Calendar Date: February 7, 2020

Before: Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered April 24, 2017, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Following his sexual encounter with the then-14-year-old victim, defendant was indicted and charged with one count of rape in the first degree and one count of rape in the second degree. In full satisfaction of that indictment and other pending charges, defendant agreed to plead guilty to rape in the second degree in exchange for a prison term of seven years followed by 15 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant thereafter pleaded guilty in conformity with the plea agreement, and County Court sentenced defendant as a second felony offender to the contemplated term of imprisonment. This appeal by defendant followed.
We affirm. County Court sufficiently explained the nature of the waiver of the right to appeal, and defendant, in turn, expressed his understanding of the appellate rights being waived and his willingness to relinquish those rights (see People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]; People v Walker, 166 AD3d 1393, 1393-1394 [2018]). Although the court's oral colloquy did not include the words "separate and distinct," County Court "was not required to engage in any particular colloquy or utter any specific words in order to ensure that defendant's waiver of the right to appeal was knowing, intelligent and voluntary" (People v Douglas, 168 AD3d 1285, 1285 [2019]), and the written waiver executed by defendant in open court clearly apprised defendant that his "right to appeal [was] separate and distinct from those rights . . . automatically forfeit[ed] by [his] plea of guilty" (see People v Gamble, 177 AD3d 1042, 1042 [2019], lv denied ___ NY3d ___ [Jan. 31, 2020]; People v Boyette, 175 AD3d at 752). In response to County Court's questioning, defendant confirmed that his signature on the written waiver evidenced his understanding of that document and assured the court that he had been afforded sufficient time to confer with counsel (see People v Lago, 168 AD3d 1281, 1281 [2019]; People v Gilliam, 162 AD3d 1413, 1414 [2018], lv denied 32 NY3d 1064 [2018]). Under these circumstances, and as we discern no other infirmity in the appeal waiver (compare People v Thomas, ___ NY3d ___, 2019 NY Slip Op 08545 [2019]; People v Barrales, ___ AD3d ___, 2020 NY Slip Op 00329 [2020]), we find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Boyette, 175 AD3d at 752; People v Walker, 166 AD3d at 1394). In light of the valid appeal waiver, defendant is precluded from challenging the agreed-upon sentence as harsh and excessive (see People v Gamble, 175 AD3d at 1043; People v Breithaupt, 171 AD3d 1311, 1312 [2019], lv denied 34 NY3d 979 [2019]).
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.