People v Weidenheimer (2020 NY Slip Op 01861)





People v Weidenheimer


2020 NY Slip Op 01861


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

110036

[*1]The People of the State of New York, Respondent,
v
Christopher Weidenheimer, Appellant.

Calendar Date: February 18, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered November 29, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a weapon in the third degree and waived the right to appeal. County Court thereafter sentenced him to 180 days in jail and five years of probation, to be served concurrently. Defendant appeals.
We affirm. Contrary to defendant's contention, the record demonstrates that he knowingly, intelligently and voluntarily waived the right to appeal. The record reflects that the appeal waiver was a condition of the plea agreement, that County Court explained the separate and distinct nature of the waiver and that defendant affirmed his understanding thereof (see People v Feurtado, 172 AD3d 1620, 1620 [2019], lv denied 34 NY3d 931 [2019]; People v Johnson, 153 AD3d 1031, 1032 [2017], lv denied 30 NY3d 980 [2017]). Additionally, defendant signed a written waiver in open court and, in response to County Court's questioning, indicated that he had reviewed the written waiver, discussed its contents with counsel prior to signing it and understood its terms (see People v White, 172 AD3d 1822, 1823 [2019], lv denied 33 NY3d 1110 [2019]; People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied 32 NY3d 1201, 1204 [2019]). Accordingly, and insofar as we discern no other infirmities with the appeal waiver (compare People v Thomas, ___ NY3d ___, ___, 2019 NY Slip Op 08545, *6-7 [2019]), we conclude that defendant validly waived the right to appeal his conviction and sentence. Defendant's valid appeal waiver precludes his contention that his sentence is harsh and excessive (see People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]; People v Cannelli, 173 AD3d 1567, 1568 [2019]).
Defendant's challenge to the voluntariness of his plea and his ineffective assistance of counsel claim, to the extent that it impacts the voluntariness of his plea, survive his appeal waiver but are unpreserved for our review given that the record does not reflect that he made an appropriate postallocution motion despite having the opportunity to do so (see People v Griffin, 177 AD3d 1039, 1040 [2019], lv denied 34 NY3d 1078 [2019]; People v White, 172 AD3d at 1823). Moreover, defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v Richards, 176 AD3d 1496, 1499 [2019]; People v Mastro, 174 AD3d 1232, 1232 [2019]). Accordingly, defendant's contention that County Court failed to advise him of the constitutional trial-related rights that he was forfeiting by pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]) was not preserved (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Small, 166 AD3d 1237, 1238 [2018]). In any event, the record reflects that defendant was fully advised of and understood the waiver of his trial-related rights (see People v Conceicao, 26 NY3d at 381-384; People v Toledo, 144 AD3d 1332, 1333 [2016], lv denied 29 NY3d 1001 [2017]). The balance of defendant's ineffective assistance of counsel claim, including that counsel failed to adequately investigate the law or the facts surrounding the charges or explore potential defenses, concern matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Moore, 169 AD3d 1110, 1112 [2019], lv denied 33 NY3d 979 [2019]; People v Breault, 150 AD3d 1548, 1549 [2017]).
Egan Jr., J.P., Lynch, Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.