People v Brunson (2020 NY Slip Op 04207)





People v Brunson


2020 NY Slip Op 04207


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

110553

[*1]The People of the State of New York, Respondent,
v
Phillip S. Brunson, Appellant.

Calendar Date: June 26, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Devine, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered March 5, 2018, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Pursuant to a plea agreement, defendant pleaded guilty to the reduced charge of attempted criminal possession of a controlled substance in the third degree and waived his right to appeal. County Court thereafter imposed the agreed-upon sentence of six years in prison, to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. Review of the record reveals that defendant entered a valid waiver of the right to appeal. County Court informed defendant that an appeal waiver was a condition of the plea agreement. The court explained the separate and distinct nature of the appeal waiver, and defendant affirmed that he had discussed the waiver with counsel and that he understood its ramifications. Accordingly, we find that defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Couse, 178 AD3d 1207, 1207 [2019], lv denied 35 NY3d 941 [2020]).
Although defendant also signed a written appeal waiver, there is no indication in the record that County Court ascertained whether defendant had read the waiver or understood its contents.[FN1] Accordingly, the written waiver is invalid (see People v Dolder, 175 AD3d 753, 754 [2019]; People v Pittman, 166 AD3d 1243, 1244 [2018], lv denied 32 NY3d 1176 [2019]). However, the lack of a valid written waiver does not render defendant's appeal waiver invalid in light of the sufficiency of the oral colloquy (see People v Bonner, 182 AD3d 867, 867 [2020]; People v Peryea, 169 AD3d 1120, 1120 [2019], lv denied 33 NY3d 980 [2019]). The valid appeal waiver precludes our review of defendant's contention that the agreed-upon sentence is harsh and excessive (see People v Ramos, 179 AD3d 1395, 1396 [2020], lv denied 35 NY3d 973 [2020]; People v Diggs, 178 AD3d 1203, 1205 [2019], lv denied 34 NY3d 1158 [2020]).
Garry, P.J., Egan Jr., Lynch, Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although defendant challenges the language of the written waiver as overbroad, County Court advised defendant during the colloquy that not all appellate rights can be waived, and we are satisfied that "defendant understood the distinction that certain appellate rights survived" (People v Thomas, 34 NY3d 545, 561 [2019]; see People v Martin, 179 AD3d 1385, 1386 [2020]).