People v Williams (2020 NY Slip Op 04349)





People v Williams


2020 NY Slip Op 04349


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

111491

[*1]The People of the State of New York, Respondent,
v
Tequon T. Williams, Appellant.

Calendar Date: June 26, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Michael T. Baker, Public Defender, Binghamton (Anthony J. Westbrook of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered May 9, 2019, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and waived his right to appeal. In exchange, County Court agreed to impose a prison sentence of two years to be followed by two years of postrelease supervision and to consider defendant's request for parole supervision (see Penal Law § 70.70 [3] [d]), although the court stated that it was making no promises in that regard. The People agreed not to take a position at sentencing. County Court thereafter declined to impose parole supervision and sentenced defendant, as a second felony offender, to two years in prison to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. Defendant validly waived his right to appeal, orally and in writing (see People v Sanders, 25 NY3d 337, 339-341 [2015]; see also People v Thomas, 34 NY3d 545, 557-563 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]). To that end, County Court informed defendant that the waiver of appeal was a condition of the plea agreement and then explained the nature of the right to appeal, the consequences of the waiver and the types of issues that survive a waiver. The court made clear that the appeal waiver was separate and distinct from the trial-related rights automatically forfeited by a guilty plea, all of which defendant indicated he understood (see People v Lopez, 6 NY3d at 256). Moreover, defendant signed a detailed written appeal waiver in court, after reviewing it with counsel and indicating that he understood it. Accordingly, we are satisfied that the waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d at 339-341).
The record reflects that defendant understood that, under the terms of the plea agreement, he would receive the very prison sentence that was actually imposed and that County Court would only consider imposing a sentence of parole supervision (see CPL 410.91 [3]). Accordingly, defendant is precluded by his appeal waiver from challenging the sentence, which was within the range contemplated by the agreement (see People v Eaton, 182 AD3d 922, 923 [2020]; People v Anderson, 177 AD3d 1031, 1031-1032 [2019]; People v Rickenbacker, 168 AD3d 1315, 1315 [2019], lv denied 33 NY3d 953 [2019]). We note that the court considered defendant's request for parole supervision and explained its reasons for concluding that it was not appropriate (see CPL 410.91 [3] [ii]; People v Chaney, 160 AD3d 1281, 1284 [2018], lv denied 31 NY3d 1146 [2018]; People v Johnson, 137 AD3d 1419, 1420 [2016]).
Egan Jr., J.P., Mulvey, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.