People v Gamble (2021 NY Slip Op 00053)





People v Gamble


2021 NY Slip Op 00053


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

110428

[*1]The People of the State of New York, Respondent,
v
Lamont Gamble, Also Known as Boogs, L Boogs and L Boogie, Appellant.

Calendar Date: December 17, 2020

Before: Lynch, J.P., Clark, Mulvey, Pritzker and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Clark, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Hogan, J.), rendered March 29, 2018, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) from a judgment of said court, rendered July 26, 2019, which resentenced defendant.
Defendant was charged by indictment with criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts) stemming from the sale of heroin on three occasions. In satisfaction of those charges, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a promised prison sentence of either five or six years to be followed by three years of postrelease supervision (hereinafter PRS) and executed a waiver of appeal. Consistent with the plea agreement, County Court imposed a prison sentence of six years to be followed by three years of PRS, to be served concurrently with a four-year prison sentence recently imposed in Clinton County also for the sale of a controlled substance.[FN1] Defendant appeals from that judgment of conviction. After being advised that the maximum period of PRS for this offense as a first time felony offender was two years, County Court resentenced defendant to six years in prison to be followed by two years of PRS, again to run concurrently with the Clinton County sentence. Defendant also appeals from the judgment rendered upon resentencing.
We affirm.[FN2] Initially, we agree with defendant that the record fails to demonstrate that his waiver of appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 563 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]). "[I]n determining whether the record demonstrates that a defendant understood an appeal waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding, a written appeal waiver that supplements or clarifies the court's oral advice and the defendant's experience with the criminal justice system" (People v Thomas, 34 NY3d at 560; see People v Sanders, 25 NY3d 337, 341-342 [2015]). "[O]f paramount importance is the trial court's responsibility to ensure that each defendant's full appreciation of the consequences and understanding of the terms and conditions of the plea and appeal waiver are apparent on the face of the record" (People v Thomas, 34 NY3d at 560 [internal quotation marks and citation omitted]; see People v Seaberg, 74 NY2d 1, 11 [1989]).
During a limited oral colloquy, County Court merely advised defendant that pleading defendants ordinarily have a right to appeal to a higher court but, as part of the plea agreement, he was being required to waive his right to appeal. Although defendant was afforded time to review the written waiver of appeal with counsel and signed it, indicating that he had [*2]no questions, the court failed to ascertain whether defendant had read the waiver, understood it or had ample time to discuss it with counsel (see People v Brunson, 185 AD3d 1300, 1300 [2020], lv denied 36 NY3d 928 [2020]; People v Brito, 184 AD3d 900, 900-901 [2020]; compare People v Thomas, 34 NY3d at 564). Moreover, neither the brief oral advisement nor the written waiver apprised defendant that certain fundamental appellate issues survived the waiver. Indeed, the written waiver recited that the plea would "mark the end of the case," suggesting an absolute bar to taking a direct appeal encompassing even nonwaivable issues, and was overly broad by mischaracterizing the rights waived as encompassing all state and federal appeals and postconviction relief (see People v Thomas, 34 NY3d at 565-566; People v Seaberg, 74 NY2d at 10; cf. People v Brunson, 185 AD3d at 1300, n; People v Brito, 184 AD3d at 900; People v Martin, 179 AD3d 1385, 1386 [2020]).
Defendant's challenge to the voluntariness of his plea is unpreserved for our review absent evidence of an appropriate postallocution motion, despite ample time to make such a motion prior to sentencing and resentencing (see People v Williams, 27 NY3d 212, 214, 219-221 [2016]; People v Conceicao, 26 NY3d 375, 381 [2015]; People v Edwards, 181 AD3d 1054, 1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]; see also CPL 220.60 [3]). Moreover, defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an essential element of the charged crime or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement does not apply (see People v Williams, 27 NY3d at 214, 220-222; People v Lopez, 71 NY2d 662, 666 [1988]). Contrary to defendant's claim, he was aware from the recitation of the plea terms that a period of PRS would be imposed, and agreed to those terms prior to pleading guilty (see People v Murray, 15 NY3d 725, 726 [2010]; cf. People v Turner, 24 NY3d 254, 258-259 [2014]; People v Catu, 4 NY3d 242, 244-245 [2005]). Further, after an incorrect PRS term was initially imposed in 2018, defendant proceeded with resentencing in 2019 without raising any objection to PRS or seeking to withdraw his guilty plea, although given ample time to do so, thereby failing to preserve this claim as required under the circumstances (see People v Crowder, 24 NY3d 1134, 1136 [2015]; People v Allen, 165 AD3d 1348, 1348 [2018]; see also People v Conceicao, 26 NY3d at 381-382; compare People v Williams, 27 NY3d at 219-221; People v Louree, 8 NY3d 541, 546 [2007]).
Defendant's claims that he received the ineffective assistance of counsel, to the extent that they concern matters on the record, are unpreserved, as defendant never moved to withdraw his guilty plea prior to sentencing or resentencing (see People v Sydlosky, 181 AD3d 1094, 1095 [2020]; People v Shabazz, 174 AD3d 1223, 1225 [2019]). Moreover, counsel's [*3]mistake regarding the permissible period of PRS was corrected upon resentencing, obviating any prejudice (see Strickland v Washington, 466 US 668, 687 [1984]; People v McDonald, 1 NY3d 109, 113-114 [2003]; People v Henry, 95 NY2d 563, 566 [2000]). Defendant's remaining claims regarding, among other things, what counsel advised him, investigated and researched concern matters outside of the record that are more properly the subject of a motion to vacate pursuant to CPL article 440 (see People v Mastro, 174 AD3d 1232, 1233 [2019]; People v Taylor, 135 AD3d 1237, 1238 [2016], lv denied 27 NY3d 1075 [2016]).
Given that defendant was resentenced in 2019 to the correct period of PRS, superseding the 2018 sentence,[FN3] defendant's claims addressed to the 2018 sentence are moot (see People v Clayton, 38 AD3d 1131, 1131-1132 [2007], lv denied 9 NY3d 841 [2007]). As for defendant's claim that the resentence imposed is harsh and excessive, we discern no extraordinary circumstances or abuse of discretion warranting a modification thereof, particularly given that the plea agreement resolved charges from multiple drug sales and the sentence was imposed concurrently with a sentence imposed on another drug sale conviction (see People v Latifi, 171 AD3d 1351, 1351 [2019]).
Lynch, J.P., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgments are affirmed.



Footnotes

Footnote 1: The Clinton County conviction was subsequently affirmed on appeal (People v Gamble, 177 AD3d 1042 [2019], lv denied 34 NY3d 1128 [2020]).

Footnote 2: We reject the People's contention that defendant's supplemental brief filed May 29, 2020 with regard to the judgment upon resentencing was untimely. By order of this Court dated March 12, 2020, the appeals were consolidated and the deadline for defendant to file a supplemental record and brief was extended to May 12, 2020. However, pursuant to the March 17, 2020 order of the Presiding Justice, perfection, filing and other deadlines were suspended. The Presiding Justice's May 22, 2020 order lifting the suspension of deadlines for the perfection of appeals extended defendant's time to file a supplemental brief until August 5, 2020.

Footnote 3: The maximum sentence for the crime to which defendant pleaded guilty, a class B felony drug offense, is nine years to be followed by two years of PRS (see Penal Law §§ 70.45 [2] [b]; 70.70 [2] [a] [i]; 220.39).