People v Feltz (2021 NY Slip Op 00054)





People v Feltz


2021 NY Slip Op 00054


Decided on January 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 7, 2021

110599

[*1]The People of the State of New York, Respondent,
v
Ryan Feltz, Appellant.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Erin C. Morigerato, Albany, for appellant.
Joseph Stanzione, District Attorney, Catskill (Denise J. Kerrigan of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Greene County (Young, J.), rendered July 16, 2018, convicting defendant upon his plea of guilty of the crime of criminal possession of a firearm.
After numerous loaded handguns were found secreted on property from which defendant had been evicted, defendant, who was on probation, was charged with five counts of criminal possession of a weapon in the third degree, as well as a violation of probation. Thereafter, defendant waived indictment and pleaded guilty to criminal possession of a firearm as charged in a superior court information and also admitted to violating the terms of his probation. At sentencing, defendant submitted a pro se motion seeking an adjournment to replace defense counsel, claiming that defense counsel was ineffective. County Court denied the motion for an adjournment and sentenced defendant, a second felony offender, in accordance with the terms of the plea agreement to 1½ to 3 years in prison, to run concurrently with the resentence imposed in connection with the probation violation. Defendant appeals.
Initially, defendant contends that the waiver of indictment is invalid and the superior court information is jurisdictionally defective for failure to set forth the approximate time of the offense in compliance with CPL 195.20. However, the omission of such nonelemental information, to which defendant did not object, amounts to a technical — not a jurisdictional — defect and, therefore, his challenge was forfeited by his guilty plea (see People v Lang, 34 NY3d 545, 568-569 [2019]; People v Edwards, 181 AD3d 1054, 1055 [2020], lvs denied 35 NY3d 1026, 1029 [2020]). Notably, defendant makes no claim that he lacked notice of the specific crime for which he waived prosecution by indictment, and the time of the crime is specifically set forth in the felony complaint (see People v Lang, 34 NY3d at 569-570; People v Cruz, 186 AD3d 932, 933 [2020], lv denied 35 NY3d 1112 [2020]; People v Edwards, 181 AD3d at 1055).
The record also reflects that defendant's waiver of his right to appeal was knowing, voluntary and intelligent. The record establishes that defendant's appeal waiver was made a condition of his plea agreement, County Court explained that his right to appeal was separate and distinct from the trial-related rights that he was forfeiting as part of his guilty plea and defendant affirmed that he had no questions for his attorney in this regard and that he understood the ramifications thereof. Accordingly, we find that defendant validly waived his right to appeal his conviction and sentence, thereby precluding his challenge to the severity of the agreed-upon sentence (see People v Carl, 188 AD3d 1304, ___, 133 NYS3d 346, 350 [2020]; People v Brunson, 185 AD3d 1300, 1300 [2020], lv denied 36 NY3d 928 [2020]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]).
Defendant's challenge to the voluntariness of the plea is unpreserved for our review as the record does not reflect [*2]that defendant made an appropriate postallocution motion (see People v Brito, 184 AD3d 900, 901 [2020]; People v Vilbrin, 183 AD3d 1012, 1013 [2020], lv denied 35 NY3d 1049 [2020]). Further, the narrow exception to the preservation requirement is not implicated as the record does not disclose any statement made by defendant during the plea colloquy or at sentencing that cast doubt upon his guilt or called into question the voluntariness of the plea (see People v Sydlosky, 181 AD3d 1094, 1094-1095 [2020]). Likewise, defendant's contention that he was denied the effective assistance of counsel is unpreserved absent an appropriate postallocution motion (see People v Harrington, 185 AD3d 1301, 1302 [2020]; People v Morehouse, 183 AD3d 1180, 1183 [2020], lv denied 35 NY3d 1068 [2020]; People v Vilbrin, 183 AD3d at 1013). Defendant's remaining contentions, to the extent that they are not specifically addressed, have been examined and are without merit.
Garry, P.J., Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.