People v Crossley (2021 NY Slip Op 00595)





People v Crossley


2021 NY Slip Op 00595


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

110833

[*1]The People of the State of New York, Respondent,
v
Michael Crossley Jr., Appellant.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Linda B. Johnson, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Pritzker, J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Young, J.), rendered October 3, 2018, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) from a judgment of said court, rendered January 2, 2019, which resentenced defendant.
Defendant was charged in a four-count indictment with attempted murder in the second degree, assault in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree. The charges stemmed from an incident that occurred in May 2018 when defendant attacked another individual with a box cutter. County Court subsequently dismissed the count of the indictment charging assault in the first degree, and defendant thereafter agreed to plead guilty to assault in the second degree — in full satisfaction of the remaining counts of the indictment — with the understanding that he would be sentenced to five years in prison followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's plea, County Court imposed the contemplated period of imprisonment, and defendant appealed from the judgment of conviction. Upon discovering that the period of postrelease supervision imposed was illegal, County Court resentenced defendant to five years in prison followed by three years of postrelease supervision, and defendant then appealed from the judgment resentencing him.
We affirm. Contrary to defendant's assertion, we find that his waiver of the right to appeal was knowing, intelligent and voluntary. County Court explained that the waiver was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty, and defendant, who was aware that such waiver was a term and condition of the plea agreement, confirmed his understanding thereof (see People v Weidenheimer, 181 AD3d 1096, 1096 [2020]; People v Provost, 181 AD3d 1059, 1059 [2020]). Additionally, defendant executed a written waiver in open court and assured the court that he had reviewed that document with counsel and understood its contents (see People v Williams, 185 AD3d 1359, 1360 [2020]; People v Jones, 182 AD3d 698, 699 [2020]). To the extent that "defendant challenges the language of the written waiver as overbroad, County Court advised defendant during the colloquy that not all appellate rights can be waived, and we are satisfied that 'defendant understood the distinction that certain appellate rights survived'" (People v Brunson, 185 AD3d 1300, 1300 n [2020], lv denied 36 NY3d 928 [2020], quoting People v Thomas, 34 NY3d 545, 561 [2019]; see People v Martin, 179 AD3d 1385, 1386 [2020]; compare People v Anderson, 184 AD3d 1020, 1020-1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]). In light of the valid appeal waiver, defendant's argument regarding the perceived severity of his sentence is precluded (see People v Gumbs, 182 AD3d 701, 702 [2020], lv denied [*2]35 NY3d 1066 [2020]; People v Sabin, 179 AD3d 1401, 1402 [2020], lv denied 35 NY3d 995 [2020]).
Although defendant's challenge to the voluntariness of his plea survives even a valid appeal waiver, his argument is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; People v Gumbs, 182 AD3d at 702). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved (see People v Harrington, 185 AD3d 1301, 1302 [2020]; People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]). Moreover, the narrow exception to the preservation requirement was not triggered, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Danzy, 182 AD3d 920, 921 [2020], lv denied 35 NY3d 1043 [2020]; People v Hunt, 176 AD3d 1253, 1254 [2019]). To the extent that defendant asked for a "mistrial" and new counsel at the time of his resentencing, we note that he also expressly declined the opportunity to withdraw his plea at that time (see People v Thompson-Goggins, 182 AD3d 916, 918 [2020]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgments are affirmed.