People v Carter (2021 NY Slip Op 01160)





People v Carter


2021 NY Slip Op 01160


Decided on February 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

110610

[*1]The People of the State of New York, Respondent,
v
Janera D. Carter, Appellant.

Calendar Date: January 5, 2021

Before: Garry, P.J., Clark, Aarons, Pritzker and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 2, 2018, convicting defendant upon her plea of guilty of the crime of assault in the second degree.
In May 2017, defendant was arraigned on two separate indictments. The first indictment, stemming from a March 2017 incident, charged her with criminal possession of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, while the second indictment charged her with assault in the second degree based upon an incident that occurred while she was being held pending trial on the first indictment. In June 2017, in satisfaction of both indictments, defendant pleaded guilty to assault in the second degree and criminal possession of a controlled substance in the third degree and executed a waiver of her right to appeal. In exchange for her plea, County Court (Champagne, J.) committed to imposing a split sentence of six months in jail followed by five years of postrelease supervision; the court indicated that it would consider granting defendant youthful offender status upon review of her presentence investigation report (see CPL 720.20 [1] [a]).
In September 2017, after reviewing the presentence investigation report, County Court informed the parties that it would honor its original sentencing commitment on the drug possession conviction, but that it was unwilling to honor the original sentencing commitment with respect to defendant's assault conviction. Defendant ultimately elected to withdraw her plea to the assault charge. In November 2017, the matter proceeded to sentencing on the drug possession conviction, at which time the court determined that youthful offender treatment was warranted and, consequently, adjudicated defendant a youthful offender, vacated the conviction and sentenced defendant to five years of probation (see CPL 720.20 [3]). In May 2018, defendant, in full satisfaction of the second indictment, pleaded guilty to assault in the second degree and purportedly waived her right to appeal. Immediately following her guilty plea, County Court (Richards, J.) sentenced defendant, in accordance with the plea agreement, to a prison term of three years, followed by three years of postrelease supervision. Defendant appeals from the May 2018 judgment of conviction.
Despite defendant's contentions to the contrary, our review of the record reveals that defendant knowingly, intelligently and voluntarily waived her right to appeal. Defendant was advised, at the outset of the plea proceeding, that she was required to waive her right to appeal as part of the plea agreement and indicated that she understood. County Court confirmed that defendant had sufficient time to discuss her plea and its consequences with defense counsel and explained that the right to appeal was separate and distinct from the trial-related rights that she was forfeiting by pleading guilty (see People v Lopez, 6 NY3d [*2]248, 256 [2006]). After conferring with counsel about its contents, defendant executed a written waiver of appeal in open court. Discerning no infirmities in the combined oral and written waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find defendant's waiver of appeal to be valid (see People v Purnell, 186 AD3d 1834, 1834 [2020], lv denied 36 NY3d 975 [2020]; People v Williams, 185 AD3d 1359, 1360 [2020]; People v Thompson-Goggins, 182 AD3d 916, 917 [2020]).
Defendant raises various sentencing challenges. Defendant argues that County Court's failure to grant her youthful offender status on her assault conviction amounted to an illegal sentence because it violated CPL 720.20 (2) — a challenge that survives the valid appeal waiver (see People v Christopher T., 48 AD3d 1131, 1132 [2008]; People v Parks, 23 AD3d 153, 153 [2005]; see generally People v Allen, 86 NY2d 599, 602-603 [1995]). CPL 720.20 (2) provides, as relevant here, that, "[w]here an eligible youth is convicted of two or more crimes
. . . set forth in two or more accusatory instruments consolidated for trial purposes, the court must not find [the youth] a youthful offender with respect to any such conviction
. . . unless it finds him [or her] a youthful offender with respect to all such convictions." Contrary to defendant's contention, however, there was no CPL 720.20 (2) violation here, as the two indictments were not consolidated for trial purposes, but rather were combined — at one time — for plea and sentencing purposes (see People v Turner, 174 AD3d 1123, 1125-1126 [2019], lv denied 34 NY3d 985 [2019]). Defendant further argues that she is entitled to a new sentencing hearing on the assault conviction because County Court failed to make an on-the-record determination as to whether she was entitled to youthful offender status. Although the failure to make an on-the-record determination regarding entitlement to youthful offender status is an issue that survives a valid appeal waiver (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Rudolph, 21 NY3d 497, 499, 501 [2013]), County Court was not obligated to make such a determination here because defendant did not qualify as an eligible youth, having already been adjudicated a youthful offender in November 2017 in connection with her felony drug possession conviction (see CPL 720.10 [2] [c]; Penal Law § 220.16; People v Cecil Z., 57 NY2d 899, 901 [1982]; People v Brooks, 160 AD3d 762, 764 [2018], lv denied 31 NY3d 1115 [2018]). Defendant's remaining challenge to the severity of the agreed-upon sentence is precluded by the valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Burnett, 186 AD3d 1837, 1838 [2020], lvs denied 36 NY3d 969, 970 [2020]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.