People v McCoy (2021 NY Slip Op 05366)





People v McCoy


2021 NY Slip Op 05366


Decided on October 7, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 7, 2021

110595
[*1]The People of the State of New York, Respondent,
v
Edward McCoy, Appellant.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Erin C. Morigerato, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 20, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to burglary in the second degree and purportedly waived his right to appeal. County Court sentenced defendant to the agreed-upon prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Defendant argues that his waiver of the right to appeal was invalid. We disagree. The record reflects that defendant was advised that a waiver of the right to appeal was a condition of the plea agreement and County Court advised defendant of the separate and distinct nature of the right to appeal and distinguished it from the trial-related rights that are automatically forfeited by pleading guilty, and defendant affirmed his understanding thereof (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Thaxton, 191 AD3d 1166, 1167 [2021], lv denied 37 NY3d 960 [2021]). Defendant also executed a written waiver after reviewing it with counsel and assuring County Court that he understood it (see People v Botts, 191 AD3d 1044, 1044-1045 [2021], lv denied 36 NY3d 1095 [2021]; People v Burnett, 186 AD3d 1837, 1838 [2020], lvs denied 36 NY3d 969, 970 [2020]). Although defendant contends that the provision in the written waiver that it applied "to all legal issues that can be waived under the law" erroneously advised him of an absolute bar to the pursuit of potential remedies, "we are satisfied that 'the counseled defendant understood the distinction that some appellate review survived'" (People v Thomas, 190 AD3d 1157, 1158 [2021], quoting People v Thomas, 34 NY3d 545, 561 [2019]; compare People v Brito, 184 AD3d 900, 900-901 [2020]). Accordingly, we find that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Hemingway, 192 AD3d 1266, 1266-1267 [2021], lvs denied 37 NY3d 956, 960 [2021]; People v Thomas, 190 AD3d at 1158-1159). Given the valid appeal waiver, defendant's challenge to the severity of the sentence is precluded (see People v Carter, 191 AD3d 1168, 1170 [2021]; People v Pribble, 190 AD3d 1194, 1195 [2021]).
Although defendant's assertion that his guilty plea was not knowing, intelligent and voluntary survives his appeal waiver, this claim has not been preserved for our review as the record does not disclose that he made an appropriate postallocution motion despite having ample time to do so (see People v Payson, 189 AD3d 1820, 1820 [2020], lv denied 36 NY3d 1099 [2021]; People v Almonte, 179 AD3d 1222, 1224 [2020], lv denied 35 NY3d 940 [2020]). Defendant's contention that he received ineffective assistance of counsel, to the extent that it implicates the voluntariness of his plea, also survives the appeal waiver but is similarly unpreserved (see People v Vilbrin, 183 AD3d 1012, 1013 [2020], [*2]lv denied 35 NY3d 1049 [2020]; People v White, 172 AD3d 1822, 1823-1824 [2019], lv denied 33 NY3d 1110 [2019]). Moreover, defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an essential element of the charged crime or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement does not apply (see People v Crossley, 191 AD3d 1046, 1047 [2021], lv denied ___ NY3d ___ [Aug. 24, 2021]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). As such, defendant's contention that County Court failed to advise him of the constitutional trial-related rights that were automatically forfeited by pleading guilty was not preserved (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Weidenheimer, 181 AD3d at 1097). In any event, the record reflects that defendant was fully advised of and understood the waiver of his trial-related rights (see People v Conceicao, 26 NY3d at 381-384; People v Evans, 159 AD3d 1226, 1227 [2018], lv denied 31 NY3d 1081 [2018]). Finally, the balance of defendant's ineffective assistance of counsel claim, including that counsel failed to investigate the facts of his case, research the applicable law or advise him of potential defenses, involve matters outside the record that are more properly the subject of a CPL article 440 motion (see People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]; People v White, 172 AD3d at 1824 [2019]).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.