People v Burke (2021 NY Slip Op 06395)





People v Burke


2021 NY Slip Op 06395


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

111719
[*1]The People of the State of New York, Respondent,
v
Michael Burke, Appellant.

Calendar Date:October 13, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

John Ferrara, Monticello, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered February 28, 2019, convicting defendant upon his plea of guilty of the crime of attempted criminal sexual act in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal sexual act in the first degree. The charge stemmed from an incident that occurred in August 2018, at which time defendant — then 17 years old — engaged in oral sexual conduct with a five-year-old child. Defendant subsequently was offered the opportunity to plead guilty to the reduced charge of attempted criminal sexual act in the first degree. As to sentencing, County Court indicated that it would consider defendant's request for youthful offender treatment, and defendant was apprised that, should such request be denied, he would be sentenced to a prison term of 3½ years followed by 10 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and County Court denied defendant's request for youthful offender treatment and sentenced defendant to the contemplated term of imprisonment. This appeal ensued.
We affirm. With respect to defendant's waiver of the right to appeal, the record reflects that defendant was informed at the outset that a waiver of the right to appeal was part of the plea agreement (see People v Thaxton, 191 AD3d 1166, 1167 [2021], lv denied 37 NY3d 960 [2021]; People v Feltz, 190 AD3d 1026, 1026-1027 [2021]), and County Court both explained the separate and distinct nature of the right to appeal and distinguished it from the trial-related rights that defendant would be forfeiting by pleading guilty (see People v Hemingway, 192 AD3d 1266, 1266 [2021], lvs denied 37 NY3d 956, 960 [2021]; People v Carter, 191 AD3d 1168, 1169 [2021]). In response, defendant indicated that he understood the nature of the right being relinquished, had no questions relative thereto and had been afforded sufficient time to confer with counsel (see People v Feltz, 190 AD3d at 1026-1027; People v Brunson, 185 AD3d 1300, 1300 [2020], lv denied 36 NY3d 928 [2020]). Although the written appeal waivers executed by defendant — one following his guilty plea and the other at the time of sentencing — are invalid due to County Court's failure to ascertain whether defendant read the written waivers, discussed them with counsel or understood their contents (see People v Brunson, 185 AD3d at 1300; People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]), the lack of a valid written waiver is not fatal "where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Bonner, 182 AD3d 867, 867 [2020]; see People v Brunson, 185 AD3d at 1300). Defendant's ineffective assistance [*2]of counsel claim — to the extent that it impacts upon the voluntariness of his plea — survives the valid appeal waiver but is unpreserved for our review absent an appropriate postallocution motion (see People v Guerrero, 194 AD3d 1258, 1261 [2021], lv denied 37 NY3d 992 [2021]; People v Stanley, 189 AD3d 1818, 1818 [2020]), and the narrow exception to the preservation rule was not triggered (see People v Stanley, 189 AD3d at 1818).
Finally, "defendant's valid waiver of the right to appeal forecloses appellate review of the sentencing court's discretionary decision to deny youthful offender status" (People v Allen, 174 AD3d 1456, 1457-1458 [2019] [internal quotation marks, ellipsis, brackets and citation omitted], lv denied 34 NY3d 978 [2019]; see People v Ayala, 194 AD3d 1255, 1256 [2021], lv denied 37 NY3d 970 [2021]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.