People v Almanzar (2022 NY Slip Op 03415)





People v Almanzar


2022 NY Slip Op 03415


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

112052
[*1]The People of the State of New York, Respondent,
v
Alejandro Almanzar, Appellant.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Donnial K. Hinds, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



McShan, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 21, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant was charged in a felony complaint with promoting prison contraband in the first degree. He thereafter waived indictment and pleaded guilty to a superior court information charging him with attempted promoting prison contraband in the first degree and he waived the right to appeal. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years, to run consecutively to the sentence he was currently serving. Defendant appeals.
Initially, defendant's contention that County Court improperly granted the People's motion to amend the superior court information is unpreserved for our review, as he failed to oppose the application and, in fact, consented to the amendment (see People v Houze, 177 AD3d 1184, 1187 [2019], lv denied 34 NY3d 1159 [2020]; People v McKinney, 138 AD3d 604, 605 [2016], lv denied 27 NY3d 1153 [2016]; People v Lamont, 125 AD3d 1106, 1106 [2015], lvs denied 26 NY3d 967, 969 [2015]). We further reject defendant's claim that his waiver of the right to appeal was invalid. The record reflects that defendant was advised that an appeal waiver was a condition of the plea deal. During the colloquy, County Court sufficiently explained the nature of the waiver and, although the court did not use the words separate and distinct, the written waiver executed by defendant clearly apprised defendant that the right to appeal was "separate and distinct from the other rights that are forfeited by [his] plea of guilty" (see People v Provost, 181 AD3d 1059, 1059-1060 [2020]; People v Gamble, 177 AD3d 1042, 1042-1043 [2019], lv denied 34 NY3d 1128 [2020]). Defendant affirmed that he had discussed the written waiver with counsel and that he understood its ramifications (see People v Christy, 200 AD3d 1322, 1323 [2021]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). Under these circumstances, and having discerned no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Ayala, 194 AD3d 1255, 1256 [2021], lv denied 37 NY3d 970 [2021]). In light of his valid appeal waiver, defendant's challenge to the severity of his sentence is precluded (see People v Hemingway, 192 AD3d 1266, 1267 [2021], lvs denied 37 NY3d 956, 960 [2021]; People v Carter, 191 AD3d 1168, 1170 [2021]).
Clark, J.P., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.