People v Washington (2022 NY Slip Op 03943)

People v Washington

2022 NY Slip Op 03943

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

111629
[*1]The People of the State of New York, Respondent,
v
Dennis C. Washington, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Michelle E. Stone, Vestal, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Kathryn M. Hansen of counsel), for respondent.

Clark, J.
Appeals (1) from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered March 1, 2019, (a) convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (b) convicting defendant following a nonjury trial of the crime of assault in the third degree, and (2) from a judgment of said court, rendered June 28, 2019, which resentenced defendant.
Following a series of controlled buys and the execution of a search warrant for his residence, defendant was charged with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. After engaging in certain unsuccessful motion practice, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the foregoing charges and agreed to waive his right to appeal. Defendant was ultimately sentenced to a prison term of four years to be followed by a period of postrelease supervision, in accord with the terms of his plea agreement. He appeals.[FN1]
Defendant argues that his waiver of the right to appeal is invalid. We disagree. The record reflects that defendant was aware that he was required to waive his right to appeal as a condition of his plea agreement and, knowing that, he wished to proceed with the plea.[FN2] County Court, in turn, explained the separate and distinct nature of the right to appeal, accompanied by an explanation of the appellate process, and made clear that the waiver would encompass any issue with respect to the court's adverse suppression rulings, which defendant now challenges on appeal. Defendant indicated that he understood all of the foregoing, had no questions relative thereto and had been afforded sufficient time to confer with counsel. We accordingly find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Lopez, 6 NY3d 248, 256-257 [2006]). Although there is no indication in the record that County Court ascertained whether defendant had read and understood the written appeal waiver that he executed, rendering the written waiver invalid, the lack of a valid written waiver is of no moment in light of the sufficiency of the oral colloquy (see People v Burke, 199 AD3d 1170, 1171 [2021]; People v Brunson, 185 AD3d 1300, 1300 [2020], lv denied 36 NY3d 928 [2020]; People v Bonner, 182 AD3d 867, 867 [2020]).[FN3]
In light of the validity of defendant's waiver, his remaining challenges are precluded, including his challenge to the factual sufficiency of the plea, which is erroneously couched in terms of voluntariness (see People v Williams, 189 AD3d 1978, 1981 [2020], lv denied 37 NY3d 1165 [2022]; People v Huntley, 177 AD3d 1032, 1033 [2019], lv denied 34 NY3d 1131 [2020]; People v Sablan, 177 AD3d 1024, 1027 [2019], lv denied 34 NY3d 1132 [2020]), and to [*2]County Court's suppression decisions (see People v Jean-Pierre, 203 AD3d 1226, 1228 [2022]; People v Nack, 200 AD3d 1197, 1199 [2021], lv denied 38 NY3d 1009 [2022]; People v Andino, 185 AD3d 1218, 1219 [2020], lvs denied 35 NY3d 1110, 1116 [2020]).
Lastly, defendant's passing claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of his plea, is unpreserved in the absence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable here (see People v Agueda, 202 AD3d 1153, 1154 [2022]; People v Stratton, 201 AD3d 1201, 1203-1204 [2022]; People v Ballard, 200 AD3d 1476, 1478 [2021], lvs denied 38 NY3d 925, 927 [2022]). In any event, his claim that counsel failed to investigate a potential defense involves a matter outside the record, and it is therefore the proper subject of a CPL article 440 motion (see People v Sanders, 203 AD3d 1403, 1404 [2022]; People v Rhodes, 203 AD3d 1316, 1318 [2022]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Defendant does not raise any issues on appeal pertaining to his conviction of assault in the third degree. Defendant also does not make any arguments relating to the June 2019 resentencing judgment, and we therefore deem his appeal from that judgment to be abandoned (see People v Harris, 143 AD3d 1181, 1182-1183 [2016], lv denied 28 NY3d 1145 [2017]; People v Barrett, 39 AD3d 1088, 1089 [2007], lv denied 9 NY3d 863 [2007]).
Footnote 2: The People's offer to defendant provided him with two options to choose from: if he agreed to waive his right to appeal, he would be conditionally promised a prison term of four years; if he wished to retain all of his appellate rights, the term would increase to five years.

Footnote 3: Defendant also argues that the written waiver was overbroad (see generally People v Thomas, 34 NY3d 545, 559 [2019]). To the extent that this argument remains relevant given the invalidity of the written waiver, we note that County Court clearly advised defendant during the oral colloquy that not all appellate rights can be waived, and "we are satisfied that the counseled defendant understood the distinction that some appellate review survived" (People v McCoy, 198 AD3d 1021, 1022 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1162 [2022]; see People v Crossley, 191 AD3d 1046, 1046-1047 [2021], lv denied 37 NY3d 991 [2021]; People v Blanchard, 188 AD3d 1414, 1415 [2020], lv denied 36 NY3d 1055 [2021]).