People v Devins (2022 NY Slip Op 04051)

People v Devins

2022 NY Slip Op 04051

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

111220
[*1]The People of the State of New York, Respondent,
v
Eryn B. Devins, Appellant.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Del Atwell, East Hampton, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Kerianne Morrissey of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Clinton County (Favreau, J.), rendered January 10, 2019, convicting defendant upon her plea of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and robbery in the second degree.
Defendant waived indictment and agreed to be prosecuted by two superior court informations, one charging her with criminal possession of a controlled substance in the third degree and the second charging her with robbery in the second degree and petit larceny. In satisfaction of these charges, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree and robbery in the second degree and waived the right to appeal. In accord with the plea agreement, County Court sentenced defendant on the robbery conviction to a prison term of six years, to be followed by 3½ years of postrelease supervision, and to a lesser concurrent sentence on the criminal possession of a controlled substance conviction. Defendant appeals.[FN1]
We affirm. Initially, we find that defendant's waiver of the right to appeal is valid. The record reflects that defendant was informed at the outset that an appeal waiver was part of the plea agreement and that County Court advised defendant of the separate and distinct nature of the right to appeal and distinguished it from the rights automatically forfeited by a guilty plea, and defendant affirmed that she had discussed the waiver with counsel and that she understood its ramifications (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]; People v Thaxton, 191 AD3d 1166, 1167 [2021], lv denied 37 NY3d 960 [2021]). County Court further advised defendant that some appellate review survives the appeal waiver (see People v Thomas, 34 NY3d 545, 559-560 [2019]; People v Martin, 179 AD3d 1385, 1386 [2020]). Although defendant also signed two written appeal waivers, County Court failed to ascertain whether defendant had read the waivers, discussed them with counsel or understood their contents (see People v Brunson, 185 AD3d 1300, 1300 [2020], lv denied 36 NY3d 928 [2020]; People v Burnell, 183 AD3d 931, 932 [2020], lv denied 35 NY3d 1043 [2020]). However, "the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Burke, 199 AD3d 1170, 1171 [2021] [internal quotation marks and citation omitted]; see People v Brunson, 185 AD3d at 1300; People v Bonner, 182 AD3d 867, 867 [2020]).
Defendant's contention that she received the ineffective assistance of counsel — to the extent it impacts upon the voluntariness of her plea — survives the appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Nack, 200 AD3d 1197, 1198 [2021], lv denied 38 NY3d 1009 [2022]; [*2]People v Downs, 194 AD3d 1118, 1119 [2021], lv denied 37 NY3d 971 [2021]), and the narrow exception to the preservation rule was not triggered (see People v Johnson, 194 AD3d 1267, 1269 [2021]; People v Stanley, 189 AD3d 1818, 1818 [2020]). Defendant's remaining claim, that her sentence is harsh and excessive, is precluded by her appeal waiver (see People v Whitton, 201 AD3d 1259, 1260 [2022]; People v Christy, 200 AD3d 1322, 1323 [2021]).
Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant's pro se notice of appeal does not contain the correct date of the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]).