People v Soto (2024 NY Slip Op 03204)

People v Soto

2024 NY Slip Op 03204

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

113278
[*1]The People of the State of New York, Respondent,
v
Anais M. Soto, Appellant.

Calendar Date:May 24, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Adam W. Toraya, Albany, for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Appeal from a judgment of the County Court of Otsego County (John F. Lambert, J.), rendered July 2, 2021, convicting defendant upon her plea of guilty of the crime of burglary in the first degree.
Defendant, then 17½ years old, and her codefendants were charged in a four-count indictment with murder in the second degree, burglary in the first degree, attempted robbery in the first degree and arson in the third degree. In full satisfaction of that indictment, defendant was permitted to plead guilty to burglary in the first degree with the understanding that her sentence would be capped at 10 years in prison followed by a period of postrelease supervision ranging from 2½ to 5 years. The plea agreement also required defendant to waive her right to appeal. Defendant pleaded guilty in accordance with the plea agreement, and County Court, after considering the relevant factors, declined to afford defendant youthful offender status and sentenced her to a prison term of eight years followed by five years of postrelease supervision. This appeal ensued.
We affirm. Although defendant executed two detailed written documents that expressly explained the waiver of the right to appeal and delineated the appellate rights that would survive such waiver, the sole reference to these documents appears at the conclusion of the sentencing proceeding, and there is no indication that County Court asked defendant whether she had read these documents and understood their contents (see People v Thompson, 157 AD3d 1141, 1141 [3d Dept 2018]). Accordingly, we agree that the written waiver is invalid. "However, the lack of a valid written waiver is not fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal" (People v Devins, 206 AD3d 1365, 1366 [3d Dept 2022] [internal quotation marks and citations omitted]). County Court explained that the waiver of appeal was part of defendant's plea agreement, advised defendant that the appeal waiver was separate and distinct from the other rights that she would be forfeiting by pleading guilty, referenced certain of the appellate issues that would survive the appeal waiver, ascertained that defendant had been afforded sufficient time to confer with counsel and elicited defendant's assurances that she understood the nature and extent of the waiver (see id.; People v Burke, 199 AD3d 1170, 1170-1171 [3d Dept 2021]). Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived her right to appeal (see People v Brunson, 185 AD3d 1300, 1300 [3d Dept 2020], lv denied 36 NY3d 928 [2020]). In light of the valid appeal waiver, defendant's challenges to the severity of the sentence imposed and County Court's denial of her request for youthful offender status are precluded (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Hernandez, 140 AD3d 1521, 1523 [3d Dept 2016], lv denied [*2]28 NY3d 971 [2016]).
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.