■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY J. BUTCHINO, Appellant. [850 NYS2d 233]—Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered August 4, 2006, convicting defendant upon his plea of guilty of the crimes of offering a false instrument for filing in the first degree and grand larceny in the third degree.

Defendant was charged in two separate indictments with a number of theft-related crimes. In satisfaction of both, he pleaded guilty to offering a false instrument for filing in the first degree and grand larceny in the third degree. At the time of the plea, no specific agreement was made with respect to the sentences to be imposed, except that they would run concurrently. Moreover, defendant agreed to waive his right to appeal all matters except for the sentence. At sentencing, County Court announced that defendant would serve $1^{1}/_3$ to 4 years in prison on the charge of offering a false instrument for filing in the first degree and $1^{1}/_3$ to 7 years in prison on the charge of grand larceny in the third degree, such sentences to run concurrently.

The sentence and commitment form, however, set forth the minimum prison term for defendant's conviction of grand larceny in the third degree as 2¹/₃ years. Defendant appeals.

Defendant argues that an illegal sentence was imposed because he should have received a minimum prison term of 1¹/₃ years on the grand larceny conviction, instead of 2¹/₃ years as indicated on the sentence and commitment form. There is clearly a discrepancy between the minimum term of imprisonment of 1¹/₃ years communicated by County Court on the record and the 2¹/₃-year term set forth on the sentence and commitment form. Defendant could legally have received either of these sentences as Penal Law § 70.00 (3) (b) provides that the minimum sentence for grand larceny in the third degree, a class D felony, ranges from one year to one third of the maximum, or 2¹/₃ years. Consequently, the matter must be remitted to County Court to address this discrepancy (*see People v Gray*, 11 AD3d 821, 822 [2004]; *People v Jenkins*, 300 AD2d 751, 753-754 [2002], *lv denied* 99 NY2d 615 [2003]). Defendant's remaining contention is unpersuasive.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon defendant's conviction of grand larceny in the third degree; matter remitted to the County Court of Franklin County for resentencing; and, as so modified, affirmed.