People v Hough (2020 NY Slip Op 00457)





People v Hough


2020 NY Slip Op 00457


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

110310

[*1]The People of the State of New York, Respondent,
v
Matthew J. Hough, Appellant.

Calendar Date: January 3, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Jamie Biondolillo of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered March 5, 2018, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
Defendant, in satisfaction of the indictment and other pending charges, pleaded to the sole count of the indictment charging him with unlawful manufacture of methamphetamine in the third degree and waived his right to appeal. County Court sentenced defendant to an agreed-upon sentence of six months in jail and five years of probation. Defendant appeals.
Defendant contends that the waiver of the right to appeal is unenforceable and, therefore, his challenge to the severity of the sentence imposed is not precluded. We disagree. The record establishes that County Court informed defendant during the plea colloquy that, in order to receive a sentence commitment from the court, defendant was required to waive his right to appeal. After conferring with counsel, defendant agreed to waive his right to appeal. The court then distinguished the right to appeal as separate and distinct from the rights automatically forfeited by the guilty plea, which defendant acknowledged he understood. In addition, defendant then signed a written appeal waiver in open court, after conferring with counsel, and assured the court that he read and understood the written waiver. In view of the foregoing, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Barragan, 178 AD3d 1150, , 2019 NY Slip Op 08737, *1 [2019], lv denied 34 NY3d 1016 [2019]; People v Harrison, 176 AD3d 1262, 1263 [2019]). Given that defendant validly waived his right to appeal, his challenge to the agreed-upon sentence as harsh and excessive is precluded (see People v Barragan, 2019 NY Slip Op 08737 at *1; People v Bayne, 175 AD3d 1722, 1722-1723 [2019]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.