People v Lawton (2020 NY Slip Op 00642)





People v Lawton


2020 NY Slip Op 00642


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109342 109343

[*1]The People of the State of New York, Respondent,
v
Rashene T. Lawton, Appellant.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered January 9, 2017, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree.
In satisfaction of a 16-count indictment and a superior court information, defendant pleaded guilty to criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree, and waived the right to appeal. County Court sentenced defendant, as a second felony offender, to an aggregate prison sentence of eight years, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was valid. County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement. The court also distinguished the right to appeal from the rights automatically forfeited by a guilty plea and affirmed that defendant had discussed the waiver with counsel and understood its ramifications. Defendant further executed separate written appeal waivers for each conviction that included assurances that defendant had discussed the waiver with counsel. Based on the foregoing, defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]). Defendant is thus precluded from challenging the agreed-upon sentence as harsh and excessive (see People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]; People v Haggray, 172 AD3d 1825, 1825 [2019], lv denied 34 NY3d 932 [2019]).
Defendant's challenge to the voluntariness of his plea survives the valid appeal waiver but is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v King, 172 AD3d 1763, 1764 [2019]; People v Stebbins, 171 AD3d 1395, 1396-1397 [2019], lv denied 33 NY3d 1108 [2019]). To the extent that defendant relies on a pro se letter he sent to County Court prior to sentencing stating that he would like to withdraw his plea because his counsel did not make him aware that he was pleading guilty to a violent felony, the letter did not constitute a motion to withdraw his plea as it "contained no sworn allegations of fact, no citation to case law supporting his request and . . . it was not served on the People or defense counsel" (People v Rayburn, 150 AD3d 1553, 1554 [2017]). In any event, our review of the record confirms that defendant's plea was knowingly, intelligently and voluntarily entered and that he was aware at the time of his plea both that he was pleading guilty to criminal possession of a weapon in the second degree and that the crime is designated as a class C violent felony.
Garry, P.J., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.