People v Bonner (2020 NY Slip Op 02331)





People v Bonner


2020 NY Slip Op 02331


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

109306

[*1]The People of the State of New York, Respondent,
v
Jonathan Bonner, Appellant.

Calendar Date: March 20, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Cliff Gordon, Monticello, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 20, 2017, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant initially was indicted and charged with criminal sexual act in the first degree, unlawfully dealing with a child and endangering the welfare of a child (two counts). Upon the People's request, the first count of the indictment was dismissed, and defendant thereafter agreed to be prosecuted pursuant to a superior court information charging him with one count of sexual abuse in the first degree with the understanding that County Court would impose a prison term of five years followed by 10 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and, following an adjournment to clarify the sentence to be imposed, County Court sentenced defendant to the agreed-upon term of five years in prison followed by 10 years of postrelease supervision. This appeal ensued.
Defendant initially contends that his waiver of the right to appeal was invalid. We disagree. The plea minutes reveal that defendant was aware that he was required to waive his right to appeal as a condition of his plea agreement, and County Court, in turn, engaged in a detailed oral colloquy with defendant, during the course of which the court clearly explained the separate and distinct nature of the appeal waiver. In response to County Court's inquiries, defendant indicated that he understood the nature of the appeal waiver and that he was willing to waive his appellate rights. Although defendant did not execute the written appeal waiver that was presented to him during the plea colloquy, neither the absence of a written waiver of the right to appeal nor a defendant's failure to sign such a waiver is fatal where, as here, the oral waiver colloquy is sufficient to demonstrate that the defendant knowingly, intelligently and voluntarily waived his or her right to appeal (see People v Thomas, 178 AD3d 1461, 1461 [2019]; People v Peryea, 169 AD3d 1120, 1120 [2019], lv denied 33 NY3d 980 [2019]). As we are satisfied that defendant's appeal waiver is valid, his challenge to the severity of the agreed-upon sentence, which is limited to the period of postrelease supervision imposed, is precluded (see generally People v Lawton, 179 AD3d 1383, 1383 [2020]; People v Hough, 179 AD3d 1356, 1357 [2020]).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.