People v Thompson-Goggins (2020 NY Slip Op 02496)





People v Thompson-Goggins


2020 NY Slip Op 02496


Decided on April 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 30, 2020

109548

[*1]The People of the State of New York, Respondent,
v
Mazai Thompson-Goggins, Appellant.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Elena DeFio Kean, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 21, 2017, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of stolen property in the third degree and attempted grand larceny in the third degree.
After it was determined that defendant was fit to proceed within the meaning of CPL 730.10, and in full satisfaction of a four-count indictment and other pending charges in Albany County, defendant agreed to plead guilty to the reduced charges of attempted criminal possession of stolen property in the third degree and attempted grand larceny in the third degree. As part of the plea agreement, defendant also was required to waive his right to appeal. In conjunction therewith, County Court apprised defendant of the potential sentencing options — concurrent prison terms of 1&frac13; to 4 years if defendant was adjudicated as a youthful offender or, failing such adjudication, consecutive prison terms of 1½ to 3 years. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. After discovering that defendant had a prior felony conviction and, hence, was not eligible for youthful offender treatment (see CPL 720.10 [2] [b]), County Court offered defendant the opportunity to withdraw his plea, which he declined. County Court thereafter sentenced defendant, as a second felony offender, to consecutive prison terms of 1½ to 3 years. This appeal ensued.[FN1]
Defendant's challenge to the validity of the waiver of the right to appeal is unpersuasive. During the plea colloquy, County Court informed defendant that, although he automatically forfeited various trial-related rights by pleading guilty, he ordinarily still would retain the right to appeal his case to a higher court. County Court went on to explain, however, that the waiver of the right to appeal was a condition of defendant's plea agreement, and defendant indicated that he understood. After conferring with counsel, defendant executed a written waiver of appeal in open court and advised County Court that he understood that document and agreed to be bound by it. Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Morton, 173 AD3d 1464, 1465 [2019], lv denied 34 NY3d 935 [2019]; People v King, 172 AD3d 1763, 1763-1764 [2019]; People v Johnson, 170 AD3d 1274, 1275 [2019]). In light of the valid appeal waiver, defendant's challenge to the factual sufficiency of his plea is precluded (see People v Hunt, 176 AD3d 1253, 1254 [2019]; People v O'Neill, 172 AD3d 1778, 1779 [2019], lv denied 34 NY3d 953 [2019]).
Although defendant's challenge to the voluntariness of his plea survives his valid appeal waiver, this argument is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Lawton, 179 AD3d 1383, 1384 [2020]; People v Horton, 173 AD3d 1342, 1343 [2019], lv denied 34 NY3d 932 [2019]). Further, defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an element of the charged crimes or otherwise called into question the voluntariness of his plea and, therefore, the narrow exception to the preservation requirement was not triggered (see People v Lobao, 178 AD3d 1238, 1239 [2019]; People v Hunt, 176 AD3d at 1254). Finally, and as noted previously, defendant was expressly afforded the opportunity to withdraw his plea at sentencing and declined to do so (see e.g. People v Martin, 125 AD3d 1054, 1054 [2015], lv denied 26 NY3d 932 [2015]; People v Stone, 105 AD3d 1094, 1094 n [2013]). In any event, nothing on the face of the plea colloquy suggests that defendant's claimed mental health issues hampered his ability to enter a knowing, intelligent and voluntary plea of guilty. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's subsequent pro se motion to vacate his sentence pursuant to CPL 440.20 was denied by County Court, as was defendant's application for permission to appeal that denial to this Court.