People v Guerrero (2021 NY Slip Op 03217)





People v Guerrero


2021 NY Slip Op 03217


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

110405
[*1]The People of the State of New York, Respondent,
v
Kevin Guerrero, Appellant.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

David E. Woodin, Catskill, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 14, 2017, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and sexual abuse in the first degree.
Defendant was charged by superseding indictment with burglary in the second degree (three counts), attempted burglary in the second degree, burglary in the third degree and sexual abuse in the first degree. As relevant here, the charges stemmed from defendant entering the residence of a college student and subjecting her to sexual contact while she was asleep. In full satisfaction of that indictment, defendant was offered the opportunity to plead guilty to one count of burglary in the second degree and one count of sexual abuse in the first degree with the understanding that he would be sentenced to a prison term of 15 years upon his conviction of burglary in the second degree (followed by five years of postrelease supervision) and to a prison term of seven years upon his conviction of sexual abuse in the first degree (followed by 10 years of postrelease supervision) — said sentences to run concurrently. Defendant also was required to waive his right to appeal. After being afforded additional time to consider the offer, defendant pleaded guilty in conformity with the plea agreement and, after defendant expressly declined the opportunity to withdraw his plea, the contemplated prison terms were imposed. This appeal ensued.
Defendant initially challenges the validity of his waiver of the right to appeal — alternatively contending that County Court exceeded its authority in requiring the waiver in the first instance and, in any event, that the ensuing colloquy was insufficient to establish that defendant knowingly, intelligently and voluntarily waived his right to appeal. Neither of these arguments has merit.
Unlike the situation presented in People v Sutton (184 AD3d 236 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]), County Court did not fashion its own plea agreement over the objection of the People, and the record does not otherwise support the finding that this was one of those rare instances where the court stepped out of its role "to safeguard the integrity of the appeal waiver process" by itself insisting upon the waiver of the right to appeal (id. at 243; compare People v Chuan Mu Fu, 186 AD3d 620, 621 [2020], lv denied ___ NY3d ___ [Mar. 17, 2021]). Additionally, "although the appeal waiver was not mentioned when the terms of the plea agreement were initially placed on the record, defendant was informed during the plea colloquy, and prior to pleading guilty, that a waiver of the right to appeal was part of the plea bargain" (People v Gilbert, 145 AD3d 1196, 1196 [2016] [internal quotation marks, brackets and citation omitted], lvs denied 28 NY3d 1184, 1187 [2017]; accord People v Sahler, 168 AD3d 1313, 1314 [2019]; see People v Inman, 177 AD3d 1167, 1167 [2019]), and the record as a whole otherwise reflects [*2]the beneficial nature of the bargain extended to defendant (see People v Dilworth, 189 AD3d 636, 637 [2020], lv denied ___ NY3d ___ [Mar. 18, 2021]) — further distinguishing the instant appeal from Sutton and its Second Department progeny (compare People v Adyl K., 187 AD3d 1208 [2020], lv denied 36 NY3d 969 [2020]; People v Esposito, 187 AD3d 781 [2020], lv denied 36 NY3d 972 [2020]; People v Eduardo S., 186 AD3d 1265 [2020], lv denied 36 NY3d 928 [2020]). Accordingly, we decline to set aside the waiver upon this ground.
Nor are we persuaded that the waiver of appeal was otherwise invalid. County Court explained the separate and distinct nature of the right to appeal and distinguished it from the trial-related rights that defendant would be forfeiting by pleading guilty, and defendant, in turn, indicated his understanding and acceptance thereof (see People v Bonner, 182 AD3d 867, 867 [2020]; People v Salmon, 179 AD3d 1404, 1404 [2020]). Additionally, defendant executed a detailed written waiver in open court, confirmed that he had discussed the waiver with counsel and indicated that he had no questions relative thereto (see People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]; People v Tietje, 171 AD3d 1355, 1356 [2019], lv denied 33 NY3d 1109 [2019]). As we discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), "we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary" (People v Bowden, 177 AD3d 1037, 1038 [2019], lv denied 34 NY3d 1157 [2020]). Accordingly, defendant's challenge to the agreed-upon sentence imposed is precluded (see People v Dolison, 189 AD3d 1779, 1780 [2020], lv denied ___ NY3d ___ [Apr. 18, 2021]; People v Burnett, 186 AD3d 1837, 1838 [2020], lvs denied 36 NY3d 969, 970 [2020]).
Defendant's challenge to the voluntariness of his plea survives his valid appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; People v Thompson-Goggins, 182 AD3d 916, 918 [2020]). The narrow exception to the preservation requirement was not triggered, as defendant did not make any statements during the plea colloquy that negated an element of the charged crimes, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied ___ NY3d ___ [Mar. 2, 2021]; People v Sabin, 179 AD3d 1401, 1403 [2020], lv denied 35 NY3d 995 [2020]). Defendant's further assertion — that the preservation requirement is inapplicable as he had "no practical ability to object to an error in [the] plea allocution [that was] clear from the face of the record" (People v Peque, 22 NY3d 168, 182 [2013], cert denied 574 US 840 [2014]) — is unpersuasive.
The alleged error concerned uncertainty among the prosecutor, defense counsel and County [*3]Court regarding defendant's maximum sentencing exposure and the application of Penal Law § 70.30 (1) (e) (i) in the event that he proceeded to trial and consecutive sentences were imposed. County Court adjourned the plea proceeding for one week to resolve this issue and, although the record does not conclusively reflect the consensus reached in this regard,[FN1] defendant nonetheless proceeded to plead guilty in conformity with the plea agreement. Further, despite expressing a desire to the Probation Department to "take back his plea," he thereafter assured County Court that he did not wish to withdraw his plea and in fact wanted to proceed with sentencing. As defendant had ample opportunity to move to withdraw his plea based upon the misinformation allegedly provided regarding application of Penal Law § 70.30 (1) (e) (i) and failed to do so, he cannot now be heard to complain. Finally, we decline defendant's invitation to take corrective action in the interest of justice — particularly given that any misstatement as to defendant's sentencing exposure would not — standing alone — render defendant's otherwise valid plea involuntary (see People v White, 172 AD3d 1822, 1824 [2019], lv denied 33 NY3d 1110 [2019]). To the extent that defendant's related ineffective assistance of counsel claim impacts upon the voluntariness of his plea, it survives his valid appeal waiver but is similarly unpreserved for our review (see People v Blanchard, 188 AD3d 1414, 1415-1416 [2020], lv denied 36 NY3d 1055 [2021]; People v Sabin, 179 AD3d at 1403). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The prosecutor indicated — without contradiction and at the time of sentencing — that "the maximum [defendant] can actually serve is 20 years."