People v Ballester-Perez (2021 NY Slip Op 03870)





People v Ballester-Perez


2021 NY Slip Op 03870


Decided on June 17, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 17, 2021

110749
[*1]The People of the State of New York, Respondent,
v
Gilberto Ballester-Perez, Appellant.

Calendar Date:May 7, 2021

Before:Egan Jr., J.P., Lynch, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Theodore J. Stein, Woodstock, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 8, 2017, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree.
In full satisfaction of a four-count indictment, defendant pleaded guilty to the reduced charge of course of sexual conduct against a child in the second degree and purportedly waived his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of seven years, to be followed by 10 years of postrelease supervision. Defendant appeals.
Contrary to defendant's contention, we find that defendant's waiver of appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 559-564 [2019]; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). The record reflects that defendant was advised that a waiver of appeal was a condition of the plea agreement and that he understood the terms of the plea agreement. "County Court carefully explained the right to appeal and the appellate process and made clear that the waiver of appeal was a separate, additional requirement of the plea agreement, which was distinct from the trial-related rights that he had been advised were automatically forfeited by his guilty plea" (People v Thomas, 190 AD3d 1157, 1158 [2021]; see People v Lopez, 6 NY3d at 256). Defendant also signed a written waiver of appeal in open court and assured the court that he had reviewed it with counsel and that he understood its terms and had no questions about the rights that he was giving up. The written waiver stated that it applied "to all legal issues that can be waived under the law" and provided examples of the types of issues that would be precluded. "[A]lthough the allocution and written waiver did not expressly state that certain appellate issues survive an appeal waiver, we are satisfied that 'the counseled defendant understood the distinction that some appellate review survived'" (People v Thomas, 190 AD3d at 1158, quoting People v Thomas, 34 NY3d at 561; accord People v Hernandez, 188 AD3d 1357, 1357 [2020], lv denied 36 NY3d 1057 [2021]; see People v Martin, 179 AD3d 1385, 1386 [2020]). Inasmuch as "there is no mandatory litany that must be used in order to obtain a valid waiver of appellate rights," we are satisfied from this record that defendant's waiver was knowing, intelligent and voluntary (People v Johnson, 14 NY3d 483, 486 [2010]; see People v Thomas, 34 NY3d at 564; People v Daniels, 193 AD3d 1179, 1179 [2021]; People v Thomas, 190 AD3d at 1158-1159). Defendant's challenge to the sentence as harsh and excessive is therefore foreclosed by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Budnack, 155 AD3d 1658, 1658 [2017], lv denied 30 NY3d 1114 [2018]; People v Vasquez, 137 AD3d 1636, 1637 [2016], lv denied 27 NY3d 1076 [2016]).
Egan Jr., J.P., Lynch, Pritzker, Reynolds [*2]Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.