People v Soto (2021 NY Slip Op 06116)





People v Soto


2021 NY Slip Op 06116


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

111741
[*1]The People of the State of New York, Respondent,
v
Jose Soto, Appellant.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John Ferrara, Monticello, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 11, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree stemming from his sale of drugs to an undercover informant. Following a conference in chambers, the People set forth on the record the terms of the proposed plea deal, which defendant stated he wished to accept. Thereafter, in accordance with the terms of the plea agreement, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and purportedly waived his right to appeal. County Court subsequently sentenced defendant, a felony drug offender previously convicted of a violent felony, to the agreed-upon sentence of eight years in prison followed by three years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of the right to appeal is invalid. A review of the record reflects that defendant assured County Court that he had enough time to speak with defense counsel about the plea agreement and was voluntarily pleading guilty. During the plea colloquy, the court explained that the right to appeal was separate and distinct from those rights automatically forfeited by the plea, which defendant acknowledged he understood and was willing to give up. Defendant also executed a written waiver of the right to appeal in open court and assured the court that he had reviewed it with counsel, understood it and had no questions. The written waiver expressly provided that the waiver of his appeal rights applied "to all legal issues that can be waived under the law" and set forth examples of the types of issues precluded, which included issues regarding the effectiveness of counsel prior to the guilty plea. With regard to the underscored phrase, defendant maintains that the statement was incorrect since a claim of ineffective counsel that impacts the voluntariness of the plea survives an appeal waiver (see People v Charlotten, 44 AD3d 1097, 1099 [2007]). We agree with that distinction, but do not agree that the waiver was invalid, as the sentence, read as a whole, specifies that the waiver only applies to legal issues that can be waived. "[A]lthough the allocution and written waiver did not expressly state that certain appellate issues survive an appeal waiver, we are satisfied that 'the counseled defendant understood the distinction that some appellate review survived'" (People v Thomas, 190 AD3d 1157, 1158 [2021], quoting People v Thomas, 34 NY3d 545, 561 [2019]; accord People v Ballester-Perez, 195 AD3d 1234, 1235 [2021], lv denied 37 NY3d 970 [2021]) and find that defendant's waiver of the right to appeal was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d at 559-564; People v Ballester-Perez, 195 AD3d at 1235; People [*2]v Daniels, 193 AD3d 1179, 1180 [2021]; People v Thomas, 190 AD3d at 1158). As such, the valid appeal waiver forecloses defendant's challenge regarding his absence during a conference where the plea agreement was discussed (see generally People v Debberman, 113 AD3d 929, 929 [2014]), as well as his contention that the agreed-upon sentence was excessive (see People v Ballester-Perez, 195 AD3d at 1235; People v Daniels, 193 AD3d at 1180).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.