People v Park (2022 NY Slip Op 03774)

People v Park

2022 NY Slip Op 03774

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

112424
[*1]The People of the State of New York, Respondent,
v
Michael Park, Appellant.

Calendar Date:May 20, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Ruth Boyer, Public Defender, Kingston (Carly Burkhardt of counsel), for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 10, 2019, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the second degree.
In full satisfaction of a nine-count indictment charging him with, among other offenses, various sex crimes, defendant agreed to plead guilty to course of sexual conduct against a child in the second degree with the understanding that he would be sentenced to a prison term of seven years followed by 10 years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's guilty plea, County Court imposed the agreed-upon term of imprisonment, prompting this appeal.
We affirm. Contrary to defendant's assertion, we find that his waiver of the right to appeal is valid. County Court informed defendant that a waiver of the right to appeal was a term of his plea agreement and explained that such waiver was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty; defendant, in turn, affirmed his understanding thereof and expressed his willingness to waive his right to appeal (see People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]; People v Hemingway, 192 AD3d 1266, 1266 [2021], lvs denied 37 NY3d 956, 960 [2021]). Additionally, defendant signed a detailed written waiver in open court and, in response to County Court's inquiries, confirmed that he had reviewed the waiver with counsel and had no questions relative thereto (see People v Parker, 196 AD3d 970, 971 [2021]; People v Ballester-Perez, 195 AD3d 1234, 1235 [2021], lv denied 37 NY3d 970 [2021]). Although defendant argues that, because the written appeal waiver applied "to all legal issues that can be waived under the law" (emphasis omitted), it purported to erect "an absolute bar to the pursuit of potential remedies, we are satisfied that the counseled defendant understood the distinction that some appellate review survived" (People v McCoy, 198 AD3d at 1022 [internal quotation marks and citations omitted]; see People v Soto, 199 AD3d 1128, 1129 [2021]; People v Ballester-Perez, 195 AD3d at 1235; but see People v Goodwalt, ___ AD3d ___, ___, 2022 NY Slip Op 03029, *1 [2022]). Accordingly, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal. In light of the valid appeal waiver, defendant's challenge to the perceived severity of his sentence is precluded (see People v McCoy, 198 AD3d at 1022; People v Hemingway, 192 AD3d at 1267).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.