People v Harper (2022 NY Slip Op 04679)

People v Harper

2022 NY Slip Op 04679

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112865
[*1]The People of the State of New York, Respondent,
v
Elmer G. Harper, Appellant.

Calendar Date:June 17, 2022

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

The Kindlon Law Firm, PLLC, Albany (Lee C. Kindlon of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Katherine A. Giovacco of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Essex County (Meyer, J.), rendered December 14, 2020, convicting defendant upon his plea of guilty of the crimes of criminal sexual act in the third degree, possessing an obscene sexual performance by a child and endangering the welfare of a child, and (2) from a judgment of said court, entered July 29, 2021, which resentenced defendant.
Defendant waived indictment and agreed to plead guilty to a superior court information charging him with criminal sexual act in the third degree, possessing an obscene sexual performance by a child and endangering the welfare of a child, with no sentencing commitment from County Court. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty to the charged crimes, and County Court sentenced defendant to an aggregate term of imprisonment of six years — four years followed by five years of postrelease supervision upon defendant's conviction of criminal sexual act in the third degree and two years followed by five years of postrelease supervision upon his conviction of possessing an obscene sexual performance by a child, said sentences to run consecutively, and a lesser, concurrent period of incarceration upon his conviction of endangering the welfare of a child. Approximately seven months later, County Court, realizing that the sentence imposed upon defendant's conviction of possessing an obscene sexual performance by a child was illegal, resentenced defendant to a prison term of 1 to 3 years upon said conviction — again directing that such sentence run consecutively to the term of imprisonment previously imposed upon defendant's conviction of criminal sexual act in the third degree. These appeals ensued.
We affirm. County Court did not inquire as to whether defendant read or understood the detailed written waiver that he executed prior to pleading guilty, and we therefore agree with defendant that the written appeal waiver is invalid (see People v Davis, 199 AD3d 1123, 1124 [2021], lv denied 37 NY3d 1160 [2022]; People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]). That said, County Court's oral colloquy reflects that defendant was informed that his appellate rights were separate and distinct from the trial-related rights that he would be forfeiting by pleading guilty (see People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]; People v Ballester-Perez, 195 AD3d 1234, 1235 [2021], lv denied 37 NY3d 970 [2021]), and defendant was expressly advised that, notwithstanding his waiver of the right to appeal, some appellate review survived (see People v Christy, 200 AD3d 1322, 1323 [2021]; People v Crossley, 191 AD3d 1046, 1046-1047 [2021], lv denied 37 NY3d 991 [2021]). In response to County Court's inquiries, defendant indicated that he understood the rights that he was relinquishing and was doing so of his own free will (see People v Soto, 199 AD3d 1128, 1129 [2021[*2]]; People v Bonner, 182 AD3d 867, 867 [2020]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Bonner, 182 AD3d at 867). Given the valid appeal waiver, defendant's challenge to the severity of the sentence imposed is precluded (see People v Crampton, 201 AD3d 1020, 1021 [2022], lv denied 37 NY3d 1160 2022]).
Clark, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgments are affirmed.