People v Barney (2023 NY Slip Op 02036)

People v Barney

2023 NY Slip Op 02036

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

112269
[*1]The People of the State of New York, Respondent,
v
Matthew A. Barney, Appellant.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Feldman & Feldman, Manhasset (Steven A. Feldman of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered January 16, 2020, convicting defendant upon his plea of guilty of the crime of aggravated criminal contempt.
Defendant was charged in a seven-count indictment with two counts of criminal contempt in the first degree, two counts of aggravated criminal contempt and three counts of endangering the welfare of a child stemming from allegations that he violated a stay away order of protection issued in 2016 in favor of, as relevant here, two victims, an adult and a child. Pursuant to a plea agreement, defendant pleaded guilty to count 3 of the indictment charging aggravated criminal contempt, which related to his conduct against the child victim in subjecting him to physical contact in violation of the 2016 order of protection, and admitted that he had previously been convicted of criminal contempt in the first degree. As part of the agreement, defendant was required to waive his right to appeal, and executed a written appeal waiver during the plea proceedings. Consistent with the agreement, County Court imposed a prison sentence, as an acknowledged second felony offender, of 3 to 6 years, and issued a stay away order of protection in favor of the child victim and two other children, all of whom were the subject of the 2016 order of protection. Defendant appeals.
We affirm. Contrary to defendant's contentions, the record reflects that his combined oral and written waiver of appeal entered in connection with his guilty plea is valid. County Court clearly distinguished the waiver of appeal from the trial-related rights automatically extinguished by the guilty plea, explained the nature of the right to appeal and ensured that defendant understood that right, and ascertained that he had discussed the written appeal waiver with counsel and understood it prior to signing it (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Harper, 207 AD3d 965, 966 [3d Dept 2022]). The court did not suggest that the waiver was an absolute bar to an appeal and made clear that some issues survive the waiver, an advisement also contained in the written waiver, and we are satisfied that defendant, assisted by counsel, "understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d 545, 561 [2019]). Defendant's claim that the court failed to advise him that he would be entitled to assigned counsel on appeal if he qualified is belied by the written waiver he reviewed with counsel and indicated he understood. Accordingly, defendant's appeal waiver is knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d at 256).
Defendant's challenge to his guilty plea as not knowing, voluntary or intelligent, which survives the appeal waiver, was not preserved by an appropriate postallocution motion, despite an opportunity to do so prior to sentencing (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Conceicao[*2], 26 NY3d 375, 381-382 [2015]). Defendant contends that his initial response during the plea allocution that, during the incident charged in count 3, he "broke up a physical fight," constituted a denial that he committed the crime of aggravated criminal contempt and triggered the narrow exception to the preservation requirement and the duty of County Court to inquire further (see People v Lopez, 71 NY2d 662, 666 [1988]). Aggravated criminal contempt as charged in count 3 requires that defendant, in violation of the duly served 2016 order of protection, "with intent to harass, annoy, threaten or alarm [the child victim,] a person for whose protection [that] order was issued, . . . subject[ed the child victim] to physical contact or attempt[ed] or threaten[ed] to do the same" (Penal Law § 215.51 [b] [v]; see Penal Law § 215.52 [3]). When count 3 was initially read to defendant, he replied "yes" when asked if the charge was "true," but added that it involved "br[eaking] up a physical fight." Although such statement did not constitute a denial that defendant subjected the victim to "physical contact," it could be viewed as an attempt to minimize his conduct. The court inquired further, and defendant admitted, without qualification, that he had violated the 2016 order of protection, as charged in count 3, by subjecting the child victim to physical contact, and pleaded guilty to that crime. Under these circumstances, the court conducted a sufficient follow-up inquiry to ensure that defendant understood the nature of the charge (see People v McNair, 13 NY3d 821, 822-823 [2009]). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review" (People v Lopez, 71 NY2d at 668 [citation omitted]).
Defendant's further argument that he was denied the effective assistance of counsel is premised upon counsel's conduct in "allow[ing] him to plead guilty" following his remark that, during the charged incident, he was breaking up a fight, which he argues constituted a denial that he committed a crime. This claim survives defendant's valid waiver of appeal to the extent that it impacts upon the voluntariness of his plea, but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Lende, 204 AD3d 1224, 1225 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]). Were this contention properly preserved, we would reject it. Defendant's remaining claims have been considered and are without merit.
Egan Jr., J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.