People v Rodriguez (2025 NY Slip Op 01135)

People v Rodriguez

2025 NY Slip Op 01135

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CR-23-1743
[*1]The People of the State of New York, Respondent,
v
Jonathan Rodriguez, Appellant.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Cambareri & Brenneck, Syracuse (Melissa K. Swartz of counsel), for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Bryan Rounds, J.), rendered June 26, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was arrested after a state trooper stopped a vehicle in which he was a passenger upon observing the vehicle with tinted windows and an obstructed license plate (see Vehicle and Traffic Law §§ 375 [12-a]; 402-b). A frisk and search incident to arrest yielded several bags of cocaine on defendant's person, for which he was charged by indictment with two counts of criminal possession of a controlled substance in the third degree. After County Court denied defendant's motion to suppress the evidence of the cocaine, the matter proceeded to trial. During a break in jury selection, County Court placed on the record a plea offer proposed by the People under which defendant would plead guilty to one count of criminal possession of a controlled substance in the third degree in full satisfaction of the indictment, with a recommended prison term of no more than six years and no more than two years of postrelease supervision. Defendant agreed to this proposal and, during the plea colloquy, agreed to waive his right to appeal and signed a written waiver form. During the sentencing hearing, County Court stated that it was sentencing defendant to a prison term of six years, to be followed by three years of supervision. Defendant appeals.
Defendant argues that the appeal waiver is unenforceable because County Court unilaterally imposed it on him without providing its reasons for doing so. As noted by defendant, the Second Department has held that when the trial court unilaterally imposes an appeal waiver requirement as part of a plea deal, "the court should articulate on the record its reasons for doing so in order to dispel any concern that the court's demand is motivated solely as a means of avoiding appellate review of its decisions" (People v Sutton, 184 AD3d 236, 244 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]). The First and Fourth Departments have declined to adopt that rule (see People v Figueroa, 230 AD3d 1581, 1583 [4th Dept 2024], lv denied ___ NY3d ___ [Jan. 2, 2025]; People v Dilworth, 189 AD3d 636, 637 [1st Dept 2020], lv denied 36 NY3d 1096 [2021]), and this Court has not definitively weighed in on the matter (see e.g. People v Guererro, 194 AD3d 1258, 1259 [3d Dept 2021], lv denied 37 NY3d 992 [2021]). We need not do so here, for the plea record does not indicate that County Court sought the appeal waiver on its own accord.
During the plea colloquy, County Court stated that "as a condition of the plea and sentence agreement you are asked to waive your right to appeal," inquiring whether defendant understood as much and agreed to the waiver. Defendant answered in the affirmative. The court then detailed the terms of the waiver and asked whether defendant had spoken to his lawyer about it, suggesting that it [*2]was a pre-arranged condition of the plea deal. We also note that the written waiver form states that the appeal waiver was being executed "[i]n consideration and as part of the plea agreement." Although the appeal waiver was not mentioned when the terms of the plea agreement were initially placed on the record, "defendant was informed during the plea colloquy . . . that a waiver of the right to appeal was part of the plea bargain" (People v Guerrero, 194 AD3d at 1259 [internal quotation marks and citations omitted]). Unlike in People v Sutton, where the trial court stated that it was "requiring" the appeal waiver (184 AD3d at 239), nothing here indicates that the trial court unilaterally imposed such a requirement. Accordingly, we reject defendant's claim that the appeal waiver is unenforceable on this ground (see People v Guerrero, 194 AD3d at 1259). As defendant did not otherwise challenge the validity of the appeal waiver, his arguments relative to the suppression ruling and the severity of the sentence are precluded (see People v Taylor, 228 AD3d 1144, 1145 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Graham, 214 AD3d 1256, 1258 [3d Dept 2023], lv denied 40 NY3d 935 [2023]).
Defendant's challenge to the three-year period of postrelease supervision imposed on the record during the sentencing hearing is not precluded by the appeal waiver since it implicates the legality of the sentence (see People v Robertson, 46 AD3d 928, 929 [3d Dept 2007], lv denied 10 NY3d 844 [2008]). As conceded by the People, the term of postrelease supervision is capped at two years in this case by operation of law (see Penal Law § 70.45 [2] [b]). Although the sentence and commitment form reflects the legal two-year postrelease supervision term, we will correct County Court's imposition of an illegal term at sentencing and ourselves impose a two-year term of postrelease supervision (compare People v Samuels, 80 AD3d 1077, 1078 [3d Dept 2011]; People v Butchino, 47 AD3d 966, 967 [3d Dept 2008]).
Aarons, J.P., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is modified, on the law, by imposing a two-year term of postrelease supervision, rather than a three-year term, as part of the sentence; and, as so modified, affirmed.